1 | ALEXANDER B. TRUEBLOOD (State Bar No. 150897)
  | TRUEBLOOD LAW FIRM
2 | 10940 Wilshire Blvd., Suite 1600
  | Los Angeles, California 90024
3 | Telephone: (310) 443-4139
  | Facsimile: (310) 943-2255
4 |
  | Attorneys for Plaintiffs
5 | BARBARA AND LAWRENCE HUNDLEY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| BARBARA HUNDLEY, and LAWRENCE HUNDLEY, | CASE NO.: |
| Plaintiffs, | **COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT** |
| vs. | |
| MATADORS COMMUNITY CREDIT UNION, ALANA B. ANAYA, BRETT P. RALSTON, ALANA B. ANAYA, A PROFESSIONAL CORPORATION, and DOES 1 through 10, inclusive, | |
| Defendants. | |

- 1 -
COMPLAINT

Plaintiffs Lawrence Hundley and Barbara Hundley hereby allege against defendants Matadors Community Credit Union, Alana B. Anaya, Brett P. Ralston, Alana B. Anaya A Professional Corporation, and Does 1 through 10, the following:

## **OPERATIVE FACTS**

1. Plaintiff Barbara Hundley obtained an automobile loan from defendant Matadors Community Credit Union ("Matadors"). Eventually, after experiencing financial hardship, Ms. Hundley fell behind on her payments on the loan. Matadors, through its attorney defendant Alana B. Anaya ("Anaya"), filed an action against Barbara Hundley in the San Bernardino Superior Court, for the full amount of the loan balance, on August 25, 2014. However, Anaya did not serve Ms. Hundley with the complaint.

2. Plaintiff Lawrence Hundley, acting on behalf of his wife Barbara Hundley, entered into negotiations with Matadors to try to bring the account current. In September, 2014, Matadors, through its attorney, defendant Anaya, agreed that Barbara Hundley could pay the past due payments in $350 monthly installments, starting October 10, 2014, in return for Matadors' promise not to repossess the automobile. In an email, defendant Anaya wrote to Mr. Hundley that "As long as the vehicle has insurance and the payments are made each month, there will be no collection or repossession action by the Credit Union."

3. Anaya drafted and sent over a stipulation to the Hundleys, which promised that Barbara Hundley would have until September 5, 2014 to sign. The stipulation was an oppressive, unconscionable document which would have severely prejudiced the Hundleys. It provided that Barbara Hundley stipulated to immediate entry of a judgment for the full amount of the loan balance in the San Bernardino lawsuit, plus late fees, attorneys fees, and costs of suit, and that the judgment would be enforced if she failed to comply with the payment arrangements.

4. The agreed-upon deadline for Ms. Hundley to sign the stipulation was September 5, 2014. However, on September 4, 2014, Matadors repossessed Barbara

Hundley's vehicle.  Distressed, the Hundleys informed Anaya that she had breached her promise not to repossess, and had ignored her own deadline for receipt of Ms. Hundley's signature on the stipulation.  The Hundleys demanded return of the vehicle from Matadors.

5. Defendant Brett P. Ralston, an employee of defendant Alana B. Anaya, A.P.C., responded to the Hundley's demand, on behalf of Anaya and Matadors.  The response was an extortionate threat.  He demanded that Ms. Hundley sign the oppressive stipulation in the San Bernardino lawsuit, or else Matadors would retain the vehicle.  He also stated that Matadors would require the Hundleys to pay a repossession agency fee, unless they picked up the vehicle at the tow yard at their own expense.  Since the vehicle was non-operational, the Hundleys would have had to pay to tow the vehicle back to their home.

6. Some days later, defendant Ralston then ratcheted-up the pressure further on the Hundleys to sign the oppressive stipulated judgment.  He stated to Mr. Hundley, in an email copied to defendant Anaya, that unless Mrs. Hundley signed the stipulation immediately that same day, Matadors would move the vehicle from the repossession agency to its own tow yard, and Ms. Hundley would have to pay a separate pickup fee to Matadors to get the vehicle back, in addition to signing the unconscionable stipulation.  He further threatened that the collection action would proceed unless the stipulation was signed. Plaintiff is informed and believes, and thereon alleges, that Anaya had instructed Ralston to make these communications to the Hundleys after the repossession.

7. Matadors then sent Barbara Hundley a letter which stated that her vehicle would be sold on or after September 24, 2014, unless she paid Matadors over $1,886 by that date, which included $850 in improper repossession fees.  Defendant Anaya confirmed to Barbara Hundley that she had to pay this amount to get her car back: the entire sum of past due payments in one lump sum plus the improper

1 repossession fee, all by September 24, 2014, in addition to any payments coming due on her loan.

8. The Hundleys did not comply with these extortionate demands, all of which broke Anaya's previous promises.  Matadors sold the plaintiffs' vehicle, assessed a deficiency balance, and as threatened by Ralston, continued with the collection action in the San Bernardino lawsuit by serving a summons and amended complaint on Ms. Hundley for the full loan balance, plus attorneys fees and costs.

### JURISDICTION AND VENUE

9. The court has original jurisdiction over this matter pursuant to 15 U.S.C. § 1692k(d).  The court has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

10. Venue is proper in the Central District of California because a substantial part of the events or omissions giving rise to the claim occurred in this district.  In addition, defendants have sufficient contacts in this district to subject them to personal jurisdiction here.

### PARTIES

11. Plaintiff Barbara Hundley is a California citizen, a resident of the county of San Bernardino, and over 18 years of age.

12. Plaintiff Lawrence Hundley is a California citizen, a resident of the county of San Bernardino, and over 18 years of age.

13. Defendant Matadors Community Credit Union is a California corporation.

14. Defendant Alana B. Anaya is a California citizen, and over 18 years of age.

15. Defendant Brett P. Ralston is a California citizen, and over 18 years of age.

16. Defendant Alana B. Anaya, A Professional Corporation, is a California corporation.

17. Defendants Does 1 through 10 are persons or entities whose true names and capacities are presently unknown to plaintiffs, and who therefore are sued by such fictitious names. Each of the fictitiously named defendants perpetrated some or all of the wrongful acts alleged herein, is responsible in some manner for the matters alleged herein, and is jointly and severally liable to plaintiffs. Plaintiffs will seek leave of court to amend this complaint to state the true names and capacities of such fictitiously named defendants when ascertained.

18. Each of the defendants were the agents and/or employees of each other and were acting in the course and scope of their agency, employment and authority and with the permission and consent of their co-defendants in committing the acts alleged.  The defendants are jointly and severally liable to plaintiffs.

**FIRST CAUSE OF ACTION**

**(By Both Plaintiffs Against Defendants Anaya, Ralston, Alana B. Anaya, A.P.C., and the Doe Defendants For Violations of the Federal Fair Debt Collections Practices Act, 15 U.S.C. § 1692 et seq)**

19. Plaintiff realleges and incorporates herein by reference the allegations of each and every paragraph above.

20. Plaintiff Barbara Hundley is a "consumer" who allegedly owed a "debt," and defendants are "debt collectors", as those terms are defined at 15 U.S.C. § 1692a.

21. All defendants violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress, or abuse any person in connection with the collection of an alleged debt.

22. All defendants violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of an alleged debt.

23. All defendants violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect an alleged debt.

24. Plaintiffs are entitled to any actual damages sustained by them as a result of defendants' conduct in an amount according to proof, pursuant to 15 U.S.C. § 1692k.

25. Plaintiffs are entitled to statutory damages of $1,000 against each defendant, pursuant to 15 U.S.C. § 1692k. Defendants have frequently and persistently failed to comply with the FDCPA, and have violated the FDCPA intentionally. The nature of defendants' violations justifies the maximum statutory damages award available.

26. Plaintiffs are entitled to the costs of the action, together with a reasonable attorneys fee, pursuant to 15 U.S.C. § 1692k.

WHEREFORE, plaintiffs pray for relief as set forth below.

## SECOND CAUSE OF ACTION

**(By Both Plaintiffs Against Defendants Matadors Community Credit Union, Alana B. Anaya, A.P.C., and the Doe Defendants for Violations of The Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, et seq.)**

27. Plaintiff realleges and incorporates herein by reference each and every paragraph set forth above.

28. The California Legislature has found that "unfair or deceptive debt collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers." Cal. Civ. Code § 1788.1(a)(2). It thus enacted the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, et seq. (the "Rosenthal Act"), to ensure the integrity of our banking and credit industry. Id. § 1788.1(b).

29. Plaintiff Barbara Hundley is a "debtor" within the meaning of Civil Code § 1788.2(h) in that she is a natural person from whom defendants sought to collect a "consumer debt" alleged to be due and owing. Plaintiff Lawrence Hundley is entitled to the protections of the Rosenthal Act pursuant to Civil Code § 1788.17.

30. The defendants sued on this cause of action at all times relevant herein were "debt collectors" within the meaning of Civil Code § 1788.2(c), in that they

1 regularly and in the ordinary course of business, on behalf of themselves or others,
2 engage in acts and practices in connection with the collection of "consumer debt".

3     31.    The purported debt defendants attempted to collect is a "consumer debt"
4 within the meaning of Civil Code § 1788.2(f). Defendants engaged in acts or
5 practices in connection with the collection of money or property which was alleged
6 to be due and owing, by reason of a consumer credit transaction entered into with
7 plaintiff Barbara Hundley.

8     32.    As to both plaintiffs, defendants violated Civil Code § 1788.10(a) by
9 collecting or attempting to collect a consumer debt by the use, or threat of use, of
10 criminal means to cause harm to the person, or the reputation, or the property of any
11 person. Defendants committed the crime of attempted extortion, in violation of
12 Penal Code §§ 518-519, 522, and 523-524.

13     33.    As to plaintiff Barbara Hundley, defendants violated Civil Code §
14 1788.14(b) by collecting or attempting to collect from the debtor the whole or any
15 part of the debt collector's fee or charge for services rendered, or other expense
16 incurred by the debt collector in the collection of the consumer debt, when the
17 charges or expenses were not permitted by law.

18     34.    As to plaintiff Barbara Hundley, defendants violated Civil Code §
19 1788.15(a) by collecting or attempting to collect a consumer debt by means of
20 judicial proceedings when defendants knew that service of process had not been
21 legally effected.

22     35.    As to both plaintiffs, defendants violated Civil Code § 1788.17,
23 incorporating by reference 15 U.S.C. §§ 1692d, 1692e, and 1692f.

24     36.    As a proximate result of defendants' violations of the Rosenthal Act,
25 plaintiffs have been damaged in amounts according to proof.

26     37.    Plaintiffs are entitled to recover their actual damages pursuant to Civil
27 Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(1). In addition,
28

plaintiff Barbara Hundley is entitled to her actual damages pursuant to Civil Code § 1788.30(a).

38. Defendants' violations of the Rosenthal Act were willful and knowing. Plaintiffs are entitled to recover statutory damages of $1,000 per defendant pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(2)(A). In addition, plaintiff Barbara Hundley is entitled to statutory damages pursuant to Civil Code § 1788.30(b).

39. Plaintiffs are entitled to recover their attorneys fees and costs pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(3). In addition, plaintiff Barbara Hundley is entitled to recover her attorneys fees and costs pursuant to Civil Code § 1788.30(c).

WHEREFORE, plaintiffs pray for relief as set forth below.

### THIRD CAUSE OF ACTION

**(By Plaintiff Barbara Hundley Against Defendants Matadors Community Credit Union and the Doe Defendants For Promissory Estoppel)**

40. Plaintiffs reallege and incorporate herein by reference the allegations of each and every paragraph above.

41. Defendant Matadors, through its attorneys, promised plaintiff Barbara Hundley that if she paid her past due amounts on the loan starting on October 10, 2014, in installments of $350 per month, her vehicle would not be repossessed, and the collection lawsuit would not proceed.

42. Plaintiff Barbara Hundley reasonably relied on Matadors' promises by not bringing her loan current, until the promised deadline of October 10, 2014.

43. Defendants Matadors and the Doe Defendants breached the foregoing promises by (1) effecting repossession of plaintiff Barbara Hundley's vehicle before the October 10, 2014 payment deadline; and (2) demanding payment in full of the entire past due balance, plus repossession fees, by September 24, 2014; and (3) proceeding with the collection lawsuit.

44. Plaintiff Barbara Hundley was damaged by her reliance on defendants' promises, and is entitled to recover damages from defendants in an amount according to proof.

## FOURTH CAUSE OF ACTION

**(By Plaintiff Barbara Hundley Against Defendant Matadors Community Credit Union and the Doe Defendants For Conversion)**

45. Plaintiffs reallege and incorporate herein by reference the allegations of each and every paragraph above.

46. Plaintiff Barbara Hundley was entitled to retain possession of her vehicle at the time it was repossessed by defendants.

47. Defendants wrongfully deprived plaintiff of her vehicle by repossessing it in violation of defendants' promises. Furthermore, after the repossession, defendants demanded payments on terms which violated defendants' previous promises, and then sold the vehicle.

48. Plaintiff has suffered and is entitled to recover damages for defendants' conversion.

49. Defendants acted with malice, oppression, and/or fraud towards plaintiff within the meaning of Civil Code § 3294, thereby entitling her to an award of punitive damages. Defendants' corporate officers, directors, or managing agents are personally guilty of oppression, fraud or malice, had advance knowledge of the unfitness of the employees or agents who acted towards plaintiff with malice, oppression, or fraud, employed such employees with conscious disregard for the rights or safety of others, and/or themselves authorized or ratified the wrongful conduct or knowingly accepted and retained the benefits of the wrongdoing.

WHEREFORE, plaintiff prays for relief as set forth below.

# **PRAYER FOR RELIEF**

WHEREFORE, plaintiffs pray for the following relief:

1. For actual damages;
2. For statutory damages;
3. For pre-judgment interest to the extent permitted by law;
4. For an award of attorneys' fees, costs and expenses incurred in the investigation, filing and prosecution of this action;
5. For punitive damages; and
6. For such other and further relief as the Court may deem just and proper.

# **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury under the United States Constitution.

Dated: December 29, 2014          TRUEBLOOD LAW FIRM


                                  /s/

                                  Alexander. B. Trueblood

                                  Attorneys for Plaintiffs
                                  BARBARA AND LAWRENCE HUNDLEY